## CHIN HEE *vs.* HO KAM YE.

### APPEAL FROM JUDD, C.J.

HEARING, JULY 16, 1891. DECISION, AUGUST 12, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ. McCULLY, J., ABSENT.

A plea in abatement, on the ground of infancy, sustained.

### OPINION OF THE COURT, BY BICKERTON, J.

This is a bill in equity for relief under the Act "to regulate the passage of water over the lands of those not benefited there-

by." The defendant pleads in abatement, on the ground that the plaintiff, Chin Hee, is an infant of the age of four or five years. The Court sustained this plea of infancy and the plaintiff appeals to this Court.

There is no question of law involved in this case; it is simply a question of fact to be found on the evidence, viz: Is Chin Hee, the plaintiff in this case, the infant son of Wai Lam? and was a certain lease made to the said infant, or was the person Ah Yeong Ho, who presented himself to the Court as plaintiff, the person to whom lease was made? The Chief Justice found the facts to be as follows:

"I am of the opinion, on the evidence, that the real plaintiff is Chin Hee, the son of Wai Lam, aged about four years.

"The Chinaman who personated 'Chin Hee' and who signed the complaint in this case and swore to it before Mr. Carter, the notary, is known as Ah Ho, his full Chinese name being Ah Yeong Ho. The lease in question, which created the estate in Waimalu, Ewa, concerning which relief is asked by this complaint, was made to 'Chin Hee,' son of Wai Lam, the infant referred to. This was testified to by Wai Lam himself in a certain road controversy last year, at Ewa, before the Commissioner of Private Ways.

"This is a bold attempt by Ah Ho to impose upon the Court."

Upon a careful review of the evidence, which is conflicting in its nature, we are of opinion that the finding of fact by the Court below is well sustained by the evidence.

The plea is sustained and the appeal dismissed.

*J. M. Davidson*, for plaintiff.

*W. R. Castle*, for defendant.